IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

BURRELL A. ABRAM,     *

    Petitioner,     *

v.     *     Case No.: GJH-17-1535

WARDEN R. MILLER, *et al.*,     *

    Respondents.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Burrell A. Abram, an inmate at the Roxbury Correctional Institution in Hagerstown, Maryland, filed a Petition for Writ of Habeas Corpus regarding his 2004 convictions for second-degree rape and related offenses. ECF No. 1. In a limited answer, Respondents Warden R. Miller and the Attorney General of the State of Maryland argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). ECF No. 4. Abram acknowledges that the petition is untimely but asks the Court to nevertheless consider his case "in the interest of justice" and because of his belief that "time should not be considered." ECF No. 7. No evidentiary hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the Petition is denied.

**I.     BACKGROUND[1]**

On February 24, 2004, after a jury trial in the Circuit Court for Howard County, Abram was convicted of second-degree rape, third-degree sexual offense, and fourth-degree sexual

---

[1] The facts relied on herein are either undisputed or viewed in the light most favorable to the non-movant.

offense. ECF No. 4-1 at 2.[2] Abram was sentenced on March 29, 2004, to a twenty year term of confinement. *Id.* at 3. He appealed his convictions to the Court of Special Appeals of Maryland, which, on April 26, 2005, affirmed the judgments. ECF No. 1 at 2. The court's mandate was issued on May 31, 2005. ECF No. 4-1 at 7. Abram filed a petition for writ of certiorari to the Court of Appeals of Maryland, which was denied on August 12, 2005. *Abram v. State*, 388 Md. 405 (2005). He did not seek further review. Therefore, Abram's convictions became final on November 12, 2005. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (noting that time for appealing state court conviction concludes when time for filing petition for writ of certiorari in the Supreme Court, 90 days, expires); Sup. Ct. R.13.1.

On June 23, 2004, while his direct appeal was pending, Abram filed a motion for reconsideration of his sentence, which was considered by the circuit court. ECF 4-1 at 7. Abram amended the motion on January 27, 2010, and the motion was denied on May 11, 2010. *Id.* at 11–12.

On April 6, 2006, Abram filed an application for post-conviction relief in the circuit court, seeking in part the right to file a belated application for review of his sentence pursuant to Ann. Code of Md. Crim. Pro. § 8-102. ECF 4-1 at 8. On June 15, 2007, the circuit court granted Abram the ability to file an application for review of sentence but denied post-conviction relief in all other respects. *Id.* at 8–9. Abram's application for leave to appeal the denial of other post-conviction relief was denied by the Court of Special Appeals on February 4, 2008. ECF No. 4-2. The court's mandate issued on March 10, 2008. *Id.*

Abram filed a belated application for review of his sentence on July 9, 2007, which was denied on August 1, 2008. ECF No. 4-1 at 9, 11.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Abram filed the instant petition on June 5, 2017,[3] alleging that no physical evidence was presented at his trial, that the judge was biased against him, that a character witness was not called on his behalf, and that the state used a "blank period" of time when the crime was alleged to have been committed, thereby thwarting his ability to defend himself. ECF No. 1 at 5. On August 15, 2017, pursuant to the Court's Order, Respondents filed a limited answer, arguing that the petition is time-barred and should be dismissed on that basis. ECF No. 4. Abram responded on August 30, 2017, and supplemented his response on September 13, 2017. ECF No. 6; ECF No. 7.

## II. STANDARD OF REVIEW

A one-year statute of limitation applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[3] The Petition is dated June 1, 2017, and is deemed to have been filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

### III. DISCUSSION

#### A. Timeliness

Respondents argue that the petition is time-barred and should be dismissed. ECF No. 4. Abram acknowledges that his petition is not timely, but requests that the Court consider his Petition notwithstanding any timeliness issues. ECF No. 7.

As noted above, Abram's convictions became final on November 12, 2005, and the statute of limitations began to run on November 13, 2005. Abram's post-conviction proceedings concluded on March 10, 2008. During this time, his motion for reconsideration of sentence, filed on June 23, 2004, remained pending. The motion was denied on May 11, 2010.[4] Assuming, without deciding, that Abram had properly filed post-conviction proceedings which would serve to statutorily toll the limitations period, at the latest those proceedings concluded on May 11, 2010. Abram did not file the instant case until June 5, 2017, over seven years later. By then the limitations period for filing a federal habeas petition had long expired.

---

[4] This District has held that a motion for modification of sentence under Maryland Rule 4-345 does not toll the limitations period under 28 U.S.C. §2254(d). *See Roberts v. State of Maryland*, No. 11-1227, 2013 WL 5882786 (D. Md. Oct. 29, 2013) (citing *Tasker v. State*, No. 11-1869, 2013 WL 425040 (D. Md. Jan. 31, 2013), *aff'd*, 517 F. App'x. 172 (4th Cir. 2013) (affirmed because the petitioner's brief did not "challenge the basis for the district court's disposition," waiving appellate review of the order)).

## B. Equitable Tolling

Although he does not use the term "equitable tolling," in essence Abram argues that the statute of limitations should be equitably tolled. *See* ECF No. 7 (arguing that "[t]ime should not have a bearing on a case" "in the interest of justice"). The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling, a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Abram's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and

5

quotation marks omitted), the Court cannot find that Abram acted with reasonable diligence in light of the seven year delay in filing the instant petition.

The Court concludes that Abram is not entitled to equitable tolling. Accordingly, the Petition is time-barred and is denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack*, 529 U.S. at 484).

Here, it is clear that Abram did not comply with the one-year statute of limitations of § 2244(d)(1), and that he has not sufficiently demonstrated that he is entitled to equitable tolling; "jurists of reason" would not find this to be debatable. Therefore, this Court will not issue a COA.[5]

---

[5] Denial of a COA in the district court does not preclude Abram from requesting a COA from the United States Court of Appeals for the Fourth Circuit.

## V. CONCLUSION

For the foregoing reasons, Abram's Petition for Writ of Habeas Corpus, ECF No. 1, is denied and this action is dismissed. A separate Order follows.

Dated: October 30, 2017

GEORGE J. HAZEL
United States District Judge